Raymond J. DONOVAN, Secretary of the United States Department of Labor, Plaintiff,

v.

Edward J. CARLOUGH, et al., Defendants.

Civ. A. No. 81–1988.

United States District Court, District of Columbia.

Feb. 3, 1984.

## SUPPLEMENTAL OPINION, ORDER AND JUDGMENT

THOMAS F. HOGAN, District Judge.

On November 17, 1983, this Court entered a Memorandum Opinion granting the plaintiff's motion for summary judgment, 576 F.Supp. 245. The Court concluded that the defendant trustees violated ERISA by failing to pay benefits to the Local 16 participants as a result of the Trustees' arbitrary and capricious interpretation of a forfeiture rule contained in the governing Plan documents. The issue now before the Court concerns the appropriate relief to be awarded, specifically which applications for benefits filed by the Local 16 participants should be processed by the Plan. Pursuant to the Court's Memorandum Opinion, the parties have submitted briefs and proposed orders for consideration.

### I. Application Deadline

■ The Plan alleges that only those Local 16 applications for Special Incentive Benefits received by March 17, 1979 should be paid because applications received after that date, under the normal course of business, would not have been processed and paid by March 31, 1979. The Court will not resolve the application deadline according to a random and arbitrary date determined by defendants as necessary to complete the processing of the Special Incentive application by March 31, 1979. The Court has previously found that the trustees on several occasions before April 1 informed the participants that their benefits had already become subject to the rule on November 1, 1978. If the trustees had properly informed the Local 16 participants that a forfeiture would occur by April 1, 1979, all of the participants would have had an opportunity to submit their applications so as to assure proper and timely processing by the Plan. While many of the Local 16 participants did file their applications early enough to enable the Plan to prepare their benefit checks before April 1, many others, acting without the benefit of accurate notification, filed their applications too late to assure processing before the date. Accordingly, the Court finds that the trustee shall review all applications for benefits for stabilization period 1978–B filed with the Plan by the Local 16 participants at any time before April 1, 1979, determine each applicant's eligibility, and pay the benefits due.

### II. Interest Award

■ The award of interest in a case like this is subject to the Court's discretion. *See e.g., Gilliam v. Edwards*, 492 F.Supp. 1255, 1267; *Donovan v. Bryans*, 566 F.Supp. 1258, 1269 (E.D.Penn.1983). It has been almost five years since the Plan denied the benefits due the Local 16 participants, and the payment of only the principal amount would not make those participants whole for the loss they have suffered. On the other hand, the Plan has had the use of the money due the participants during that period of time and would receive a windfall if it were allowed to retain the value of the use of that money.

### III. Conclusion

Accordingly, upon consideration of the briefs and proposed orders submitted by the parties and pursuant to the Court's Memorandum Opinion of November 17, 1983, it is by the Court this 2nd day of February, 1984, ORDERED, ADJUDGED and DECREED that:

1. As to the Plan at issue in the case before this Court, the forfeiture rule means that a forfeiture occurs as of the date on

which a participant stops working pursuant to a contract (as the term is defined in the Plan's rules and regulations);

2. Each of the defendants shall be permanently enjoined from applying the Plan's rules governing forfeiture of benefits and the processing of claims for benefits contrary to paragraph 1 of this Order, unless the rule is properly amended prospectively;

3. The defendants shall, as soon as practicable, but no later than 90 days from the date of this Order, review all of the applications for Underemployment and Special Incentive Benefits for Stabilization Period 1978–B filed by the Local 16 participants during the period January 1 through March 31, 1979 to determine whether each of the applicants met the eligibility requirements as of the date of the application. For each such application, the defendants shall cause the Plan to pay as soon as practicable the benefits which are due, plus simple interest from April 1, 1979 at 6% per annum pursuant to D.C.Code Ann. § 28–3302 (Cum.Supp.1983). The Plan will then give those Local 16 participants whose applications have been denied under the Plan an opportunity to appeal the denial of benefits.